A. AND J., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80815.   Promulgated November 29, 1938.

*S. L. Herold, Esq.,* for the petitioner.
*R. P. Hertzog, Esq.,* for the respondent.

1250

1252

OPINION.

BLACK: The principal question involved in this proceeding is whether the respondent erred in determining that petitioner should be taxed under the provisions of section 104 of the Revenue Act of 1928, subsections (a), (b), and (c) of which are set out in the margin.[1] Subsection (d) of section 104 is not involved in this proceeding.

Whether petitioner is subject to the application of section 104 depends upon whether it was "formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed." The determination of this question is one of fact. *Rands, Inc.*, 34 B. T. A. 1094, 1102; *Reynard Corporation*, 37 B. T. A. 552, 560; *Commissioner* v. *Cecil B. De Mille Productions, Inc.*, 90 Fed. (2d) 12. Cf. *Helvering* v. *National Grocery Co.*, 304 U. S. 282; *Nipoch Corporation*, 36 B. T. A. 662; *R. L. Blaffer & Co.*, 37 B. T. A. 851.

The respondent in his deficiency notice has not indicated whether his determination is based upon a finding by respondent that petitioner was "formed" for the purpose mentioned in the statute or

---

[1] SEC. 104. ACCUMULATION OF SURPLUS TO EVADE SURTAXES.

(a) If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof, which shall be in addition to the tax imposed by section 13 and shall be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax.

(b) The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax.

(c) As used in this section the term "net income" means the net income as defined in section 21, increased by the sum of the amount of the dividend deduction allowed under section 23 (p) and the amount of the interest on obligations of the United States issued after September 1, 1917, which would be subject to tax in whole or in part in the hands of an individual owner

whether it was "availed of" for that purpose, or whether it was both formed and availed of for the condemned purpose. He has simply determined that section 104 applies and that determination "is presumed to be correct until the contrary appears from the evidence." *Nipoch Corporation, supra.*

Section 104 (b) mentions certain facts, which, if any one is present, shall be prima facie evidence of a purpose to escape the surtax. The presumption thus arising under subsection (b) is in addition to the presumption of correctness attaching to the respondent's determination. *Almours Securities, Inc.* v. *Commissioner*, 91 Fed. (2d) 427.

The respondent in his brief contends that petitioner was a "mere holding or investment company" and that the "record in this case falls far short of overcoming the presumption existing in regard thereto."

Counsel for petitioner did not file any brief. The petition, however, alleges that the respondent erred as follows:

(a) In holding that petitioner had a net income for the year 1931 of Three Hundred Twenty-Two Thousand Six Hundred Ninety-Two and 33/100 ($322,-692.33) Dollars;

(b) In holding that petitioner was formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being distributed;

(c) In refusing to consider the financial condition of the corporation at the close of the taxable year, and the manner in which its funds were invested at that date;

(d) In refusing to recognize the effect of the law of the state of the creation of the petitioner which forbade the payment or distribution of any dividends because of petitioner's condition in 1931;

(e) In holding that the profits of the corporation were permitted to accumulate beyond the reasonable needs of its business;

(f) In refusing to recognize the rights of the corporation to keep its capital intact;

(g) In refusing to recognize that the penalty under Section 104 is applicable only to consummated evasion of the tax through the accumulation of gains and profits in order to prevent the imposition of the surtax upon its stockholders;

(h) In refusing to recognize that, in the determination of whether the penalty should be imposed, the inquiry should be into the substance of the corporation's affairs, and not to mere technical matters of accounting or to the form of its book entries;

(i) In imposing the penalty upon the petitioner for failure to distribute its apparent or nominal profits as dividends when such action would have been in violation of the laws of the State of its creation.

In the prayers for relief assignment of error (a) is to be regarded as in the alternative only.

In his opening statement counsel for petitioner, after referring to the several assignments of error (a) to (i), *supra*, stated that there were certain differences between the instant proceeding and the case of

**1256**

*A. D. Saenger, Inc.*, 33 B. T. A. 135; affd., 84 Fed. (2d) 23; certiorari denied, 299 U. S. 577. In this connection counsel for petitioner said:

A. & J. Incorporated, we contend, was formed' as a business corporation and not as a mere holding or investment company. It was conceded on the trial before [that] A. D. Saenger, Incorporated, was a mere holding or investment company whose sole assets were 50 per cent of the stock of A. & J. Incorporated. We are also contending and expect to adduce evidence to prove that the corporation did not receive during 1931 the income which the Commissioner finds in the decision. In other words, there is a question of fact here different from the A. D. Saenger case and a question of law based upon the different corporate purposes of the present petitioner in that case.

For the purposes of this opinion we shall assume that petitioner was not formed as a mere holding or investment company for the purpose of preventing the imposition of the surtax on A. D. Saenger and J. H. Saenger, who for many years had conducted their business operations as a universal partnership. We shall assume that there was a real business purpose for organizing the petitioner and that business purpose was to carry on under corporate form instead of partnership form the widespread business activities of the two brothers.

We have accepted the explanation given in that respect as a valid one and we have not found in our findings of fact that petitioner was formed for the purpose of preventing the imposition of the surtax upon A. D. Saenger and J. H. Saenger. We have, however, found that petitioner, after its organization, was availed of for that purpose. This finding is based upon the fact that in 1929, two years after petitioner corporation was organized, the two brothers, A. D. Saenger and J. H. Saenger, entered into negotiations with the Paramount Famous Lasky Corporation to sell to the latter the stock which the brothers owned in Saenger Theatres, Inc. The deal was consummated in 1929 and the manner of its consummation is detailed in our findings of fact and those details need not be here repeated. Suffice it to say that when the two brothers received the Saranac Investment Corporation stock as a result of the deal they transferred it to petitioner and immediately organized personal holding companies to hold the stock which each petitioner then owned in petitioner, A. & J., Inc. That organized for A. D. Saenger was known as A. D. Saenger, Inc., and we have already held, in *A. D. Saenger, Inc.*, 33 B. T. A. 135; affd., 84 Fed. (2d) 23, that this latter corporation was formed and availed of for the purpose of preventing the imposition of the surtax upon the sole stockholder, A. D. Saenger.

The evidence in the instant case does not reveal any reasonable and valid business purpose for the transfer in 1929 by the brothers to petitioner of the stock which they received in the Saranac Investment Corporation as a result of their disposal to the Paramount Famous Lasky Corporation of their stock in Saenger Theatres, Inc. This

stock had at that time a fair market value of more than $3,000,000 and paid good dividends and it was apparently transferred to petitioner as paid-in surplus, although the record does not make that entirely clear.

There is no showing that petitioner was in need of any such capital contribution from its stockholders. So far as the record shows, petitioner had ample capital at that time to carry on all of its business transactions.

We must conclude from the evidence that the transfer of this Saranac Investment Corporation to petitioner was a part of the plan of preventing the imposition of the surtax upon the two brothers, A. D. Saenger and J. H. Saenger. Therefore for reasons which we shall state more at length later on, we hold that petitioner was availed of in the taxable year for the purpose of preventing the imposition of the surtax upon A. D. Saenger and J. H. Saenger.

We shall next consider assignment of error (e). If the respondent held, as alleged by petitioner, that petitioner's profits were permitted to accumulate beyond the reasonable needs of its business, such a holding is embodied in his general determination that petitioner was "subject to taxation under the provisions of section 104," as the respondent did not mention this point in his brief. The only evidence on the point, however, is the fact that petitioner's balance sheets show surplus and undivided profits at the beginning and end of the taxable year of $1,917,653.82 and $2,238,714.20, respectively. Petitioner's only business during the year, aside from collecting dividends on stocks of domestic corporations, was collecting gross rentals of $38,946.38 from 17 different pieces of property and loaning $5,600 to the R. & D. Shoe Corporation. Petitioner has offered no explanation for this large amount of surplus and undivided profits. As will be noted later in this opinion when we consider assignment of error (f), it could be that a part or all of this large surplus and undivided profits was actually a paid-in surplus, paid in at the time petitioner acquired the 2,500 shares of Saranac Investment Corporation from the two Saenger brothers in 1929. But there is no evidence in the record that it was so paid in. Therefore, upon the evidence which is before us, we are compelled to find as a fact that petitioner permitted its gains or profits to accumulate beyond the reasonable needs of its business. This fact is, under subsection (b), prima facie evidence of a purpose to escape the surtax upon petitioner's shareholders.

Our next inquiry is whether petitioner has succeeded in overcoming with evidence the presumption of correctness attaching to the respondent's determination and the additional presumption arising under subsection (b) by reason of our finding that during the taxable year petitioner had permitted its gains or profits to accumu-

late beyond the reasonable needs of its business. In addition to the evidence mentioned above, petitioner offered some proof to the effect that the market value of its assets both at the beginning and end of the taxable year was substantially less than the cost of such assets. We are unable to find from the evidence what this market value was, but, even if we assume the situation most favorable to the petitioner, namely, that petitioner's liabilities both at the beginning and end of the year were in excess of petitioner's total assets valued at market, we should still have to hold that such a finding would be of no ultimate assistance to petitioner and that its assignments of error (c), (d), and (i) are without merit. *Rands, Inc.; Nipoch Corporation; R. L. Blaffer & Co.*, all *supra*.

The evidence relative to assignment of error (f) is also wholly insufficient to sustain petitioner's position. As a matter of law it is not disputed that a corporation may keep its "capital" intact without incurring the liability imposed by section 104. *United Business Corporation of America*, 19 B. T. A. 809, 828; affd., 62 Fed. (2d) 754; certiorari denied, 290 U. S. 635. But the evidence in the instant proceeding does not show that the declaration of a dividend equal to petitioner's gains or profits for the taxable year 1931 would have impaired petitioner's capital. In other words, petitioner could have declared a dividend of $322,692.33 during the taxable year and still have had surplus and undivided profits of $1,916,021.87, as shown by its books at the close of the year 1931. Of course, as suggested in this opinion under our discussion of assignment of error (e), it might be that a part of the large surplus and undivided profits appearing on petitioner's balance sheets at the beginning and end of the taxable year, if not all, represented a paid-in surplus, in which event the principles enumerated in *W. S. Farish & Co.*, 38 B. T. A. 150, might be applicable. We say this for the reason that the record is not clear as to the manner in which petitioner acquired the 2,500 shares of stock of the Saranac Investment Corporation, which stock had a value of over $3,000,000 at the time it was acquired by petitioner. But if any part of this large surplus and undivided profits represented a paid-in surplus and had been impaired by prior losses so that at the end of the year there were capital deficits instead of earned surplus, the burden was upon petitioner to prove that fact. *Welch* v. *Helvering*, 290 U. S. 111. Without such proof we are unable to find that the respondent erred as alleged in assignment (f).

Regarding assignments (g) and (h), suffice it to say that they are identically the same as were assigned by the petitioner and considered by the Board in the case of *A. D. Saenger, Inc.*, *supra*.

We need not prolong this opinion further with the discussion of every point that is necessarily inherent in a case of this kind. It

would serve no useful purpose here for the reason that, after a careful consideration of all the evidence contained in the record, we are of the opinion that it falls far short of overcoming the presumption of correctness attaching to the respondent's determination, and the prima facie evidence of a purpose to escape the surtax upon petitioner's shareholders which is present by reason of the existence of some of the facts mentioned in subsection (b) of the statute. We have therefore found as a fact that petitioner was during the taxable year 1931 availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed. The fact that the sole stockholders of petitioner were A. D. Saenger, Inc., and J. H. Saenger, Inc., and that we hold that these two latter corporations were formed and availed of for the purpose of preventing the imposition of the surtax upon A. D. Saenger and J. H. Saenger, respectively, brings the instant case, we think, within the rule of *Mead Corporation*, 38 B. T. A. 687.

Regarding petitioner's alternative position, little need be said. On petitioner's income tax return it reported as a part of its gross income under section 22 (a) dividends on stocks of domestic corporations in the amount of $371,175. It also deducted the same amount under section 23 (p). Section 104 (c) provides that such deductions must be restored to income. Petitioner apparently contends that it was in error in reporting the $370,000 dividend declared by the Saranac Investment Corporation as a part of its gross income, for the reason that it was declared for the purpose of absorbing the liability which petitioner then owed Saranac. This is not a valid reason for excluding the dividend from petitioner's gross income. The petitioner correctly reported the item, and, under section 104 (c), the respondent was correct in including it in his computation of net income subject to the 50 percent additional tax under section 104 (a) of the Revenue Act of 1928. The respondent's determination is approved.

*Decision will be entered for the respondent.*